## ANDREWS v. CHASE et al.

No. 5504. Decided May 15, 1936. (57 P. [2d] 702.)

*Allen T. Sanford* and *E. A. Rogers,* both of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth, Cheney, Jensen & Marr,* and *Ray S. McCarty,* all of Salt Lake City, for respondents.

ELIAS HANSEN, Chief Justice.

On rehearing respondents have filed a petition in which they urge that in the opinion heretofore rendered we failed to construe and give effect to section 27, chapter 87, Laws of Utah 1925. That section is quoted at length in the former opinion, but neither in the prevailing nor in the dissenting opinions is any discussion directed specifically to its provisions. However, what was decided in the former opinion involved a consideration of the provisions of the section, especially brought to our attention by the petition for a rehearing.

It was held in the former opinion that the provisions of Laws of Utah 1925, c. 87, applied to "the disposal of securities by means of a sale, and is silent as to such persons as may participate in the disposal of securities by gift." 49 P. (2d) 938, 941. Section 27 of the act provides that:

"Any person, issuer, dealer, agent or salesman, who, not being at the time exempt or registered pursuant to the provisions of this Act, in any manner or by any means shall issue, sell, assign, transfer or offer to or negotiate for the issuance, sale or assignment, or transfer, of any securities said securities not being exempt or registered at the time of such issuance sale assignment or transfer, pursuant to the provisions of this Act, shall be guilty of a felony," etc.

If, as we held in the former opinion, one who gives stock away is not an issuer, dealer, or salesman within the meaning of the act, it follows that such persons are "exempt" from the provisions of the act. So, also, if the act does not

cover a transaction which constitutes a gift of a security, then, and in such case, the gift is, by implication, exempt from the provisions of the act. Persons and transactions not falling within the provisions of the act, even though not expressly excluded therefrom, are exempt from its operation. The act operates only upon such persons and transactions as are expressly, or by necessary implication, included within its provisions. If a security may be given away without offending against the provisions of the act, it is difficult to perceive that the Legislature intended to punish, as and for a felony, the issuance, assignment or transfer of the security so given away. Section 27, when construed in connection with the other provisions of the act, means that when stock is sold contrary to the provisions of the act, any person who shall participate or offer to or negotiate for the sale, issuance, assignment or transfer of the stock so sold, contrary to the provisions of the act, shall be guilty of a felony.

The petition for a rehearing is denied.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.